**VANCO CONSTRUCTION, INC.,**
**Petitioner,**

**v.**

**Raymond J. DONOVAN, Secretary of Labor, and the Occupational Safety and Health Review Commission, Respondents.**

No. 83–4076.

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1984.

Canterbury, Stuber, Elder & Gooch, Robert C. Elder, Jr., Dallas, Tex., for petitioner.

Domenique Kirchner, Dennis Kade, U.S. Dept. of Labor, Washington, D.C., for respondents.

Before GEE and GARWOOD, Circuit Judges, and EAST *, District Judge.

PER CURIAM:

Vanco Construction, Inc. (Vanco) has petitioned for review of a final order of the Occupational Safety and Health Review Commission (the Commission). The Commission found that Vanco violated 29 C.F.R. § 1926.102(a)(1) by failing to provide eye protection equipment to its employees engaged in chipping mounds of hard concrete with electric hammers. Vanco argues that the regulation is unconstitutionally vague, and that there is insufficient evidence to support the Commission's finding of a violation.

We note jurisdiction under 29 U.S.C. § 660(a) and deny the petition.

I. FACTS

Vanco was the prime contractor on a construction site employing more than 100

---

* District Judge of the District of Oregon, sitting by designation.

workers. On July 25, 1979, two Vanco employees were chipping hardened mounds of concrete at the site using a sledgehammer and an electric hammer. A compliance officer from the Occupational Safety and Health Administration (OSHA) visited the site on that day and observed the employees for about twenty minutes. The officer noticed that neither employee wore eye or face protection equipment although chipped concrete particles were hitting the employees in the face.

Based on his observation, the compliance officer later cited Vanco for violation of 29 U.S.C. § 654(a)(2) (requiring employers to comply with OSHA standards) and 29 C.F.R. § 1926.102(a)(1) (requiring employers to provide and assure the use of eye protection devices when operations present potential eye injury). The Secretary of Labor (Secretary) proposed a $280 penalty for this violation and directed immediate abatement.

Vanco contested the citation. After conducting a hearing on the merits, an Administrative Law Judge (ALJ) vacated the citation. The ALJ agreed with Vanco's argument that the evidence presented failed to support a finding that the company violated the standard; the ALJ found that the Secretary failed to demonstrate the actual striking force of the flying concrete chips.

The Secretary then sought review by the Commission. The Commission held that the standard was not unconstitutionally vague as applied here, reversed the ALJ's factual findings, and affirmed the citation. Vanco then filed this petition for review.

## II. DISCUSSION

Vanco argues first that the standard, 29 C.F.R. § 1926.102(a)(1), is unconstitutionally vague. Section 1926.102(a) provides in relevant part:

> (a) *General.* (1) Employees shall be provided with eye and face protection equipment when machines or operations present potential eye or face injury from physical, chemical, or radiation agents.
>
> \*     \*     \*     \*     \*     \*

> (5) Table E–1 shall be used as a guide in the selection of face and eye protection for the hazards and operations noted.

Table E–1 is clearly marked in the regulations (29 C.F.R. § 1926.102). The table consists of a chart which recommends specific types of eye and face protection equipment given the type of operation and hazard involved. For the operation involving "chipping," the hazard shown on the chart is "flying particles," and the regulation directs use of any of seven different types of protectors.

Vanco asserts that the standard violated is so vague and ambiguous that the standard fails to give adequate notice of the conduct prohibited. In particular, Vanco takes issue with the phrase "present *potential*" injury to the employee. Vanco submits that use of the term "potential" leaves no demarcation between the inherent eye hazards of construction work as a whole and those hazards needing particular attention and use of protective gear.

■ Our review of Vanco's claims is guided by the precedent of this circuit:

> In considering the claimed vagueness of the regulation, we are mindful of two critical factors: first, this regulation involves remedial civil legislation in contradistinction to criminal legislation; secondly, the rights guaranteed by the First Amendment are not remotely related to this case. Hence, we must consider the statute "not only in terms of the statute 'on its face' but also in light of the conduct to which it is applied." . . . So long as the mandate affords a reasonable warning of the proscribed conduct in light of common understanding and practices, it will pass constitutional muster.

*Ryder Truck Lines, Inc. v. Brennan,* 497 F.2d 230, 233 (5th Cir.1974) (citations omitted). *See also United States v. Batson,* 706 F.2d 657, 677–80 (5th Cir.1983). Our review of the regulation is also guided by the action of the Commission implying an objective, reasonably prudent person test into

the regulation.[1] The crucial question thus becomes whether a reasonable person could ascertain that the use of hammers to chip concrete presented a potential for eye injury from flying chips and dust, and consequently required the use of protective eye wear under the regulation.

■ Any reasonable person familiar with the facts of this case would have realized the potential for eye injury. Particles of concrete were flying into the faces of the employees and could have damaged an eye. Moreover, 29 C.F.R. § 1926.102(a)(5) refers the employers to Table E–1 for use as a guide in the selection of eye and face protection equipment. Table E–1 lists specific hazards resulting from certain operations, and recommends specific protective gear for each circumstance. Chipping and flying particles are listed in the table among the operations and hazards for which protection is required. Any reasonable person would know that the regulation requires use of eye protection equipment for the operations involved in Vanco's citation. Consequently, the regulation is not unconstitutionally vague.

■ Vanco argues next that the Commission erred when it found that Vanco violated the regulation. Our review of the Commission's finding is limited to determining whether substantial evidence existed to support the Commission's finding. 29 U.S.C. § 660(a); *Ryder Truck Lines,* 497 F.2d at 232.

■ Section 666 of Title 29 provides for the imposition of criminal and civil penalties on an employer for violation of various standards, rules, and regulations depending on the seriousness of the violation. Subsection (j) provides that "a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result . . . unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." The Commission concluded that Vanco seriously violated 29 U.S.C. § 654(a)(2) and 29 C.F.R. § 1926.102(a)(1).

The Commission noted that the eye is an "especially delicate organ" and that "[a]ny reasonable person familiar with the facts would have realized the potential for eye injury." These facts include that the chipping operation propelled rough concrete particles the size of matchheads with force up to four feet, and that the particles continually struck the employees in the face. The striking particles caused the employees to squint or flinch from the impact, and the employees continually brushed the particles from their face. The Commission concluded from these facts that the violation was serious because there was a substantial probability that severe and permanent eye injury would result if a concrete chip struck an employee in the eye. The Commission's finding is supported by substantial evidence.

■ Vanco finally argues that the Commission should have dismissed the Secretary's appeal from the ALJ's decision because the Secretary failed to timely file his brief in the matter. Vanco's argument is without merit. The provisions of 29 C.F.R. § 2200.93(c) permit late filing if extraordinary circumstances are present. Such circumstances were present here since the Secretary never received the briefing schedule. When the Secretary discovered that the brief was overdue, the brief was promptly prepared.

For the foregoing reasons, the petition for review of the Commission's order is denied.

DENIED.

---

**1.** We have previously approved the use of such a test in just these circumstances. *See Ryder* *Truck Lines,* 497 F.2d at 233–34.